J. JONES, J.,
concurring in the result.
I concur in the result reached by the Court. In the circumstances of this case, the magistrate judge correctly required a showing that termination of the guardianship was in the best interests of the children. The issue of concern to me relates to the statutory basis upon which the decision rests and the potential application of the decision to instances where there is no reasonable ground for questioning the fitness of parents to recover physical custody of their children out of a guardianship.
The magistrate judge referenced Idaho Code section 15-5-212(a) as the statutory basis for termination of a guardianship. It is possible that the Legislature intended that to be the case but the statute does not specifically address the issue of termination of a guardianship. Rather, it speaks of “removal” of a guardian. A person who wishes to remove a guardian may, according to the statute, “include a request for appointment of a successor guardian.” This would likely be in the event that the ward still had need for a *438 guardian. It is true that removal can result in termination of the guardianship but, under subsection (b) of the provision, termination is in the discretion of the judge and need not always be the result.
The guardianship statutes clearly evidence a recognition by the Legislature that there is a difference between removal of a guardian and termination of a guardianship. Idaho Code section 15-5-210 provides a number of circumstances in which a guardianship may be terminated, none of which address the situation in this case. However, that section deals specifically with termination of a guardianship rather than removal of a guardian. Idaho Code section 15-5-212A, which pertains to guardianships arising in connection with proceedings under the Child Protective Act (which is not involved in this case), draws a distinction between termination of a guardianship and removal of a guardian. Subsection (5) sets out the conditions for termination of a guardianship, requiring a showing of a substantial and material change in circumstances and consideration of the best interests of the ward. Subsection (6) deals with removal, setting the standards for such a proceeding. The two are distinctly separate concepts.
Section 15-5-212(a) deals with removal of a guardian in a case not involving the Child Protective Act. The focus of removal is necessarily directed toward the qualifications of the serving guardian. The question in such a proceeding is whether the best interest of the ward is served by keeping or removing the guardian. We recently so stated in the case of In Re Doe, 148 Idaho 432, 224 P.3d 499 (2009):
Although Heisses’ motion sought a determination that [the guardian] was unfit to be Children’s guardian, it was in legal effect a motion to remove her as guardian. Idaho Code § 15-5-212(a) provides that a guardian may be removed “on the ground on that removal would be in the best interest of the ward.” The court held that this statute required a finding that the guardian was unfit or unqualified to remain as guardian.
Id. at 438-39, 224 P.3d at 505-06. The Court continued: “Thus, the- issue is not whether the person seeking to become the successor guardian may be a better guardian. It is whether there is a reason to remove the current guardian.” Id. at 439, 224 P.3d at 506. Further, the Court said:
the determination of whether removal of the guardian would be in the best interest of the child(ren) must focus upon the fitness of the existing guardian and whether it would be in the best interest of the child(ren) to remove the guardian regardless of who may be then appointed as successor guardian.
Id. Thus, the focus of a removal proceeding is the on existing guardian, not on the petitioner who wishes to succeed to the position of the guardian.
The focus in this case was exclusively on the parents, who sought to terminate the guardianship, rather upon the guardians. The inquiry in this case was more akin to that provided in Idaho Code section 15-5-212A, where parents seek to terminate a guardianship established under the terms of the Child Protective Act.
Perhaps by legislative oversight, the situation involved in this case — termination of a guardianship not involving the Child Protective Act — is not specifically addressed in Section 15-5-212. Where the Legislature has failed to provide a termination provision under the circumstances of this case — where no Child Protective Act question is involved and where the focus is not removal of an existing guardian — the Court need not, however, be at a loss in resolving the issue.
The grounds for appointment of the guardians in this case are not entirely clear from the record. As recited by the district court, “Without making any specific findings that there was a basis to appoint guardians under Idaho Code § 15-5-204, the magistrate issued an order on March 9, 2007 finding that the statutory requirements had been met ...” The court’s order continued, “the magistrate issued an order appointing Isaac and Sarah as guardians upon finding that all the requirements for appointment under Idaho Uniform Probate Code had been met.” Idaho Code section 15-5-204 provides for appointment of a guardian for a minor if “all *439 parental rights of custody have been terminated by prior court order or upon a finding that the child has been neglected, abused, abandoned, or whose parents are unable to provide a stable home environment.” Perhaps the last ground might apply here but, again, it is not entirely clear. However, where a parents’ rights have been terminated or where the child has been neglected, abused, or abandoned, it seems apparent that inquiry should be made as to the situation of the parents, their ability to provide proper parental care, and the best interests of the minor, in determining whether to terminate the guardianship and allow the parents to resume custody.
What prompts me to write this concurrence, however, is the potential that the ruling here will be applied in cases where the parent or parents are by no means unfit but where custody has been transferred to a guardian by unfortunate circumstances — for instance, where a single parent or both parents are sent overseas by the government or some other employer for a period longer than contemplated by Idaho Code section 15 — 5— 104, or where a single parent or both parents are incapacitated for a long period by an accident involving a substantial period of recuperation. Where necessity requires the appointment of a guardian to look after the interests of the ward in circumstances where the parents are not unfit but still unable to provide the care necessary for the child during a period of absence or incapacity, it does not seem as if the same rule should apply,— i.e., that such parents should have to come into court and prove that they are fit parents and that it serves the best interests of the child to terminate the guardianship and restore their custody.
It is true that section 15-5-212(a) can probably be stretched enough to apply to the current situation. Or, perhaps, we can import the provisions of section 15-5-212A(5) to apply here because the Legislature intended such result, at least by implication based on its enactment of the provisions of subsection (5) to apply to a very similar situation where the fitness of parents seeking to resume custody of their children is in question. However, it would be preferable for the Legislature to adopt a specific provision dealing with termination of a guardianship other than in the Child Protective Act setting and to make a distinction between guardianships where potentially unfit parents are involved and those where the parents’ fitness is not an issue.