**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51137**

| | |
|---|---|
| In the Matter of: John Doe I, A Child Under Eighteen (18) Years of Age. ) )<br>JANE DOE, )<br>) **Filed: February 9, 2024**<br>Petitioner-Respondent, )<br>) **Melanie Gagnepain, Clerk**<br>v. )<br>)<br>JOHN DOE (2023-36), )<br>)<br>Respondent-Appellant. )<br>) | |

Appeal from the Magistrate Division of the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John A. Cafferty, Magistrate.

The judgment of the district court terminating parental rights, affirmed in part, reversed in part, and the case is remanded for further proceedings consistent with this opinion.

Anne C. Taylor, Kootenai County Public Defender; Jonathan E. Williams, Deputy Public Defender, Coeur d'Alene, for appellant. Jonathan E. Williams argued.

Rakes Mediation & Family Law, PLLC; Matthew A. Rakes, Coeur d'Alene, for respondent. Matthew A. Rakes argued.

---

GRATTON, Chief Judge

John Doe (2023-36) (Doe) appeals from the judgment terminating his parental rights to John Doe I (Child). For the reasons set forth herein, we find the magistrate court correctly determined Doe abandoned Child; however, the magistrate court erred by considering Idaho Code § 32-717 factors in the best interests analysis.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the father of Child and had visitation following Child's birth in 2014. Both Jane Doe (Mother) and Doe resided in Coeur d'Alene, Idaho. In 2017, a court order granted Mother sole legal and physical custody. Pursuant to the order, Child was to be in Mother's care at all times

1

except as agreed to by the parties. During one agreed upon overnight stay, Doe left Child alone while he went drinking, resulting in Mother severing visits. Thereafter, Mother agreed to once-a-week public visits.

Following a dispute in April 2018, Mother stated that in order to see Child, Doe needed to be sober and in therapy. Doe indicated he no longer wished to visit with Child and would not meet Mother's demands. Doe replied, via text message, that he would seek resolution through the courts. Mother then blocked Doe's phone number. In November 2018, using a different phone, Doe contacted Mother and expressed an interest in seeing Child but did not follow up when Mother reiterated the conditions. After December 2018, Doe ceased providing support.

In 2020, Doe moved to Virginia. Mother asserts she did not have contact with Doe from 2018 until February 2023 when he left a voicemail. Subsequently, Mother filed her petition for termination in April 2023 alleging Doe had abandoned Child and neglected to provide support. Mother asserted termination would ensure Child had a stable home and that Mother retained autonomy over decisions. The magistrate court found that Doe had abandoned his relationship with Child. Idaho Code § 16-2005(1)(a). The magistrate court also determined that termination is in Child's best interests. The magistrate court entered judgment terminating Doe's parental rights to Child. Doe timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence.

2

*Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

Doe argues the magistrate court erred by finding clear and convincing evidence demonstrating grounds for termination based on abandonment and in finding that termination of Doe's parental rights is in the best interests of Child. Specifically, Doe contends the magistrate court erred by ignoring evidence of hostilities between Mother and Doe and that Mother intentionally blocked Doe's communications. In addition, Doe argues the magistrate court erred in determining best interests by improperly relying on I.C. § 32-717, a statute germane to divorce and custody issues.

3

## A. Statutory Basis for Termination

In this case, the magistrate court terminated Doe's parental rights on the ground of abandonment, I.C. § 16-2005(1)(a). Pursuant to I.C. § 16-2002(5), abandonment occurs when the parent has willfully failed to maintain a normal parental relationship including, but not limited to, reasonable support or regular personal contact. The word "or" is a disjunctive particle used to express an alternative and, thus, the willful failure to maintain a normal parental relationship can be based upon either the failure to pay reasonable support, or the failure to have regular personal contact, or some other failure. *Doe I v. Doe II (2009-02)*, 148 Idaho 713, 715, 228 P.3d 980, 982 (2010).

When a parent fails to maintain a normal parental relationship without just cause for a period of one year, prima facie evidence of abandonment exists. I.C. § 16-2002(5). There is no universal standard for what constitutes a normal parental relationship, and whether such a relationship exists depends on the facts and circumstances of each case. *Doe v. Doe*, 150 Idaho 46, 50, 244 P.3d 190, 194 (2010). The petitioner bears the burden of persuasion to demonstrate that the parent lacks a normal parental relationship with the child and that there is no just cause for the failure to maintain such a relationship. *Id.* If the petitioner is able to meet this burden, the parent then has the burden of production to present evidence of just cause. *Id.* If the magistrate court finds that just cause has not been established, the petitioning party has met its burden of persuasion. *Id.*

The key inquiry regarding "willfulness" is whether a parent is capable of maintaining a normal parental relationship with the child. *Doe v. Doe (2013-14)*, 155 Idaho 505, 508, 314 P.3d 187, 190 (2013). As the Idaho Supreme Court has stated, "[f]or one to willfully fail to do something, he or she must have the ability to do it." *Doe I (2009-02)*, 148 Idaho at 716, 228 P.3d at 983. When a parent is legally prohibited from seeing and contacting their child, then they do not have the ability to maintain a normal parent-child relationship and the abandonment cannot be willful. *Doe (2013-14)*, 155 Idaho at 508, 314 P.3d at 190; *Doe I (2009-02)*, 148 Idaho at 718, 228 P.3d at 985. A parent has some degree of responsibility to acquire visitation through the court system if the child's custodian is not allowing contact. *Doe (2013-14)*, 155 Idaho at 509, 314 P.3d at 191. If the parent must secure visitation through the courts, then the failure to pursue such avenue indicates a willful failure to maintain a normal parental relationship. *Id.* at 508-10, 314 P.3d at 190-92. The failure of a parent to send cards or call a child is not dispositive of a parent's

4

failure to communicate where the age of a child lessens the meaningfulness of that communication. *Doe*, 150 Idaho at 50, 244 P.3d at 194. Evidence of hostilities between parents may be evidence of just cause and may mitigate against a parent's failure to take advantage of all possible avenues of reconnection. *Id.*

The magistrate court found, by clear and convincing evidence, that Mother established statutory grounds for termination through abandonment based on Doe willfully failing to maintain a normal parent-child relationship, without just cause, by failing to have contact with Child since 2018 and not providing support for Child. Doe does not claim to have even attempted to provide support for Child during that timeframe. As noted above, the willful failure to maintain a normal parental relationship can be based upon either the failure to pay reasonable support, *or* the failure to have regular personal contact, or some other failure. *Doe I*, 148 Idaho at 715, 228 P.3d at 982. The magistrate court's determination that Doe failed to provide reasonable support after 2018 is supported by clear and convincing evidence in the record and, alone, is sufficient to uphold the magistrate court's finding of abandonment.

The magistrate court also found that Doe failed to maintain a normal parental relationship for five years. Doe has had no contact with Child since 2018. However, Doe and Mother lived in the same area until Doe moved out-of-state in 2020. Doe challenges the magistrate court's findings, arguing that the logistical and financial difficulties of maintaining the relationship were not properly considered. Doe claims that Mother blocked his phone number and otherwise did nothing to facilitate contact with Child. Doe argues the magistrate court failed to adequately consider this as evidence of just cause. Doe demonstrated he still had the ability to contact Mother through another phone or email and, for a time, she resided in the same general area. Mother indicated if Doe wished to engage with Child, he should seek redress through the court system.

In its findings, the magistrate court addressed Mother's actions but stated, "[Mother's] failure to have contact with [Doe] does not, and the Court does not find, that that relieves [Doe] of his duties to maintain that parental relationship or to have contact." Doe's lack of contact despite demonstrating other means of communication cannot relieve him of parental duties for the entire period of absence. Doe did not offer evidence to establish just cause for his failures relevant to the entire period of abandonment. *Doe (2013-14)*, 155 Idaho at 510, 314 P.3d at 192. Moreover, after one discussion with Mother where she told Doe to take action through the courts, Doe testified that he did not take action because he forgot. Although Mother blocked Doe's phone number and

social media, Doe demonstrated he could still contact Mother through other avenues. Doe did not avail himself of any of the avenues available during his five-year absence. In addition, Doe did not provide any support during that time. Accordingly, substantial and competent evidence in the record supports the magistrate court's finding by clear and convincing evidence that Doe abandoned Child by willfully failing to maintain a normal parental relationship for over a year without just cause.

**B.** **Best Interests of the Child**

Doe argues that termination of his parental rights is not in Child's best interests. Doe contends the magistrate court erred by utilizing factors from I.C. § 32-717 in evaluating Child's best interests. Mother argues that substantial and competent evidence supports the magistrate court's finding that termination is in Child's best interests and that the I.C. § 32-717 factors were merely considered as guidance and any incorrect reliance thereon was harmless error. We agree that the magistrate court erred in relying on I.C. § 32-717 without reference to, or consideration of, the established factors for determining a child's best interests in the context of a termination proceeding.

The magistrate court stated:

> The next issue then is, is termination in the best interest of the minor child? Now, this isn't a divorce case; however, the best interest, there are factors to be considered for a divorce. I look to those for some guidance. Those are found in Idaho Code § 32-717. And it states--again, this is dealing with child custody in a divorce action, but I think it's still relevant and informative for the Court's decision here today.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). The best interests analysis is an expansive analysis with no set list of factors a court must consider. *Matter of Doe*, 164 Idaho 511, 516, 432 P.3d 60, 65 (2018); *see In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014) (providing non-exhaustive list of factors a court may consider under the I.C. § 16-2005 best interests analysis). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the

law. *In re Doe (2015-03)*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court did not look to the established factors set out above. Instead, the magistrate court looked to the I.C. § 32-717 factors to inform its best interests analysis.[1] The magistrate court stated, "So as well as the other factors, those are not dispositive, but those are informative to the Court and I have looked to those as the basis for my decision today." Doe asserts that any consideration of the factors set forth in I.C. § 32-717 is inappropriate in a termination proceeding. Doe is correct. The Idaho Supreme Court stated that the I.C. § 32-717 divorce statute "has no application to proceedings seeking to terminate a parent's parental rights." *In re Doe (2014-09)*, 157 Idaho 14, 333 P.3d 125 (2014). Similarly, in *In re Doe*, 148 Idaho 432, 224 P.3d 499 (2009) the Supreme Court held that I.C. § 32-717 only applies to actions for divorce. Therefore, application of the I.C. § 32-717 factors is improper in deciding best interests in a termination of parental rights proceeding. The magistrate court erred in relying on the I.C. § 32-717 factors in its best interests analysis.

Mother argues that the magistrate court only considered factors from I.C. § 32-717 that are similar to the established best interests factors and that any error is harmless. We disagree. The Supreme Court, in *In re Doe (2014-09)* held that application of such factors "inappropriately clouds the bests interests analysis." The I.C. § 32-717 factors are geared toward a different conclusion than the best interests of Child in a termination proceeding. The I.C. § 32-717 factors largely compare the fitness of one parent against the other in custody and support proceedings. That is not the focus of the best interests analysis for deciding whether parental rights should be terminated. The focus of the best interests analysis in a termination proceeding instead focuses on the conduct and history of the parent's whose rights are being terminated, the stability and permanency of that parent's home, and the financial contribution that parent has made to the child's care while in protective custody. Those interests are different than and distinct from deciding the

---

[1] The Idaho Code § 32-717 factors include: (a) the wishes of the child's parents or parent as to the custody of the child; (b) the wishes of the child as to the custody; (c) the interaction and interrelationship of the child with his or her parent or parents and his or her siblings; (d) the child's adjustment to his or her home, school, and community; (e) character and circumstances of all individuals involved; (f) need to promote continuity and stability in the life of the child; and (g) domestic violence as defined in I.C. § 39-6303.

7

best interests of the child relative to a custody schedule between two parents. Because the magistrate court referenced and considered the I.C. § 32-717 factors, and no others, we cannot say that the bests interests analysis was harmless. Therefore, we remand to the magistrate court for application of the proper best interests factors.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's finding that Doe abandoned Child. Therefore, the magistrate court's finding of abandonment is affirmed. However, the magistrate court erred by considering the best interest factors in I.C. § 32-717 applicable to custody cases in the divorce context rather than the best interest factors applicable to this termination case. The magistrate court's judgment finding termination of Doe's parental rights is in the best interests of Child is vacated and remanded for further proceedings consistent with this opinion. Accordingly, the magistrate court's judgment terminating parental rights is vacated and the case is remanded.

Judge HUSKEY and Judge LORELLO **CONCUR**.