707 P.2d 520

**In the Matter of the GUARDIANSHIP of Lynn L. DIAMOND, a minor**

**Sandra H. DIAMOND, Appellant,**

v.

**David E. DIAMOND, Respondent.**

**Nos. 15728, CA–197.**

Court of Appeals of Idaho.

Oct. 4, 1985.

Reginald R. Reeves, Idaho Falls, for appellant.

No appearance by respondent.

WALTERS, Chief Judge.

This is an appeal from a magistrate's order dismissing a petition to appoint a guardian for a minor. The dismissal was upheld by the district court. In this appeal we hold the petition should not have been dismissed. We vacate the order of dismis-

sal and remand this case for further proceedings.

Lynn L. Diamond, a minor over the age of fourteen, filed a petition in the magistrate division to appoint as her guardian her stepmother, Sandra. The magistrate appointed Sandra as temporary guardian under I.C. § 15–5–207(d). The period of appointment was to last no longer than six months. During that six-month period Lynn's natural mother consented to the appointment of Sandra as permanent guardian. However, Lynn's father, who was temporarily separated from Sandra while he was seeking employment outside of the state of Idaho, returned to Idaho and contested the appointment of Sandra as guardian of Lynn. He filed a petition for a writ of habeas corpus. The writ was denied. Lynn then moved for partial summary judgment in the guardianship proceedings. She sought a ruling from the court that her nomination of a guardian, under I.C. § 15–5–206, automatically required appointment of the nominated person as guardian.[1] Her father moved to dismiss the guardianship action. The magistrate denied the motion for summary judgment and granted the father's motion to dismiss. The magistrate concluded that a guardian cannot be appointed, regardless of the minor's nomination, where the parental rights to custody of the minor have not been terminated or suspended by circumstances or court order. See I.C. §§ 15–5–204; 15–5–207(b). Because the father's parental right to custody of Lynn had not been terminated or suspended by circumstances or court order, the magistrate dismissed Lynn's petition.

On this appeal, Sandra and Lynn ask that we hold that the nomination by Lynn absolutely compelled the appointment of Sandra as guardian, subject only to a determination of whether the nominee was suitable to discharge the duties of a guardian. We decline to so hold.

It has long been recognized in Idaho that [t]he application for the appointment of a guardian of a minor under the laws of this state is a statutory proceeding, and the power of the court is fixed and determined by the statute. The usual powers exercised by courts of equity are not given to the court in making an appointment of a guardian under the laws of this state.

*In re Crocheron,* 16 Idaho 441, 453, 101 P. 741, 745 (1909), *on denial of petition for rehearing.*

We believe, as did the courts below, that all statutes relating to the appointment of a guardian for a minor must be read and applied together in pari materia. Regardless of who makes the nomination for guardian, I.C. § 15–5–207(b) provides:

Upon hearing, if the court finds that a qualified person seeks appointment, venue is proper, the required notices have been given, *the requirements of section 15–5–204 of this Part have been met,* and the welfare and best interests of the minor will be served by the requested appointment, it shall make the appointment. In other cases the court may dismiss the proceedings, or make any other disposition of the matter that will best serve the interest of the minor.

.   .   .

Section 15–5–204, referred to in § 15–5–207(b), recites:

The court may appoint a guardian for an unmarried minor if all parental rights of custody have been terminated or suspended by circumstances or prior court order.

.   .   .

We hold that all criteria set forth in I.C. § 15–5–207(b), and the requirement imposed by I.C. § 15–5–204, must be satisfied

---

1. I.C. § 15–5–206 provides:
   The court may appoint as guardian any person whose appointment would be in the best interests of the minor. The court shall appoint a person nominated by the minor, if the minor is fourteen (14) years of age or older, unless the court finds the appointment contrary to the best interests of the minor.

before granting any application for appointment of a guardian. The mere fact that the application is coupled with the minor's nomination does not obviate the need to comply with these statutes. This does not end our inquiry in this case, however.

Under I.C. § 15–5–207(b), the magistrate was vested with the discretion of either dismissing Lynn's petition or of making "any other disposition of the matter that will best serve the interest of the minor." We believe the magistrate perhaps acted too precipitously in dismissing the petition. The magistrate has authority under I.C. § 15–5–204 to consider, as an alternative to formal termination of parental rights, whether suspension of parental rights may exist because of special circumstances. A number of extenuating circumstances exist in this case which may warrant the appointment of Sandra as Lynn's guardian. First, the father is not living in Idaho and his whereabouts are unknown. He cannot be reached by Lynn or his former attorney.[2] Because Lynn is not living with either natural parent, a guardian should be appointed in case an emergency situation arises—e.g., in case of a medical emergency. Second, Lynn does not wish her father's parental rights to be terminated, but she does not want to live with him, given his unstable emotional background which the magistrate found to exist. The magistrate, when denying habeas corpus relief to the father found it was in Lynn's best interest that she remain with Sandra.

This is not the case, as the district court would like to suggest, where Lynn is asking for a new guardian simply because she does not get along with the parent with whom she is living. Lynn is asking for a guardian because her father is absent and is not caring for her and she wishes to remain with her stepmother and two sisters. Although we agree with the district court that guardianship proceedings are not the proper proceedings to adjudicate custody of the minor, the primary concern should be the best interests of the minor, Lynn. *See, In re Levy's Estate and Guardianship,* 137 Cal.App.2d 237, 290 P.2d 320 (1955); *Petition of Stuart,* 280 N.Y. 245, 20 N.E.2d 741 (1939).

In *Petition of Stuart, supra,* a minor, nearly seventeen years of age, sought appointment of his stepfather as his guardian because he desired to continue to reside at his home with his sister and close to his friends notwithstanding the fact that his father was alive and not considered an unfit parent. We have a similar situation here. The evidence suggests it would be in the best interests of the minor to allow her to remain with her stepmother and sisters, where she resides in a stable environment and is comfortable and happy. We note that the appointment of Sandra as guardian would not relieve the father from his duty of supporting Lynn or from his parental liability for her acts. *See* I.C. § 15–5–209.

Therefore, we remand the case to the district court for determination of whether there are any compelling circumstances which would justify suspension of Lynn's father's parental rights and whether it would be in the best interest of Lynn to have Sandra Diamond appointed as her guardian. No costs or fees on appeal.

SWANSTROM, J., concurs.

BURNETT, J., concurs in the result.

2. Mr. Diamond's former attorney withdrew from the case while on appeal because Mr. Diamond could not be contacted. Mr. Diamond also could not be reached by the Clerk of the Court. Consequently, a respondent's brief was not filed in this appeal.