865 P.2d 979 (1993)
124 Idaho 888
In re the GUARDIANSHIP OF: Kristopher COPENHAVER and Lindsee Nelson, Minor Children,
Donald IRWIN and Kay Irwin, husband and wife, Petitioners-Respondents,
v.
Sue CELEYA, Defendant-Appellant.
No. 20312.
Supreme Court of Idaho, Boise, September 1993 Term.
December 29, 1993.
*980 Idaho Legal Aid Services, Caldwell, for appellant. Jeannine C. Ferguson, argued.
Stephen W. Drescher, Nampa, for respondents.
TROUT, Justice.

NATURE OF THE CASE
This is a guardianship case brought pursuant to I.C. § 15-5-207. The magistrate ruled that the appellant's parental rights, as the natural mother, were "suspended by circumstance." He granted the petition for guardianship and issued letters of permanent guardianship to the respondents, who are unrelated to the minor children. The district court, sitting in its appellate capacity, affirmed the magistrate's decision. For the reasons set forth below, we reverse the decision of the magistrate.

BACKGROUND AND PRIOR PROCEEDINGS
On September 13, 1990, Donald and Kay Irwin (the "Irwins") filed a petition for guardianship pursuant to I.C. § 15-5-207. The Irwins sought appointment as guardians of the minor children, Kristopher Copenhaver and Lindsee Nelson (the "minors"). As grounds for their motion, the Irwins alleged that the minors had resided with them since June of 1990, that they had been friends and babysitters of the minors for six years, that they had had principal care and custody of the minors for more than sixty days, that the natural mother of the minors voluntarily surrendered custody, that she was unable to provide the "common necessaries" for them, *981 that she was currently residing as a transient in Phoenix, Arizona, that Kristopher Copenhaver's natural father has never had custody of or provided support for his son, that Lindsee Nelson's natural father has never had custody of or provided support for his daughter, and that the parental rights of the natural mother have, thus, been "suspended by circumstance." On the same day, the magistrate entered letters and an order for temporary guardianship, appointing the Irwins as "legal, physical guardians and custodians of the above named minor children for a period not to exceed 180 days," and the Irwins completed their oath of acceptance.
On October 5, 1990, Kristopher Copenhaver's natural father, Kevin Copenhaver, and the natural mother, Sue Celeya, filed a motion to set aside the order for temporary guardianship. They alleged that it was not necessary for the court to enter such an order pursuant to I.C. § 15-5-207(c), that they did not consent to temporary guardianship, and that both of them were fit and proper parents. The motion was supported by affidavits from their attorney and Kevin Copenhaver, and they requested a hearing on the motion.
By order dated October 22, 1990, after a hearing held on October 18, 1990, the magistrate denied the natural parents' motion to quash the temporary guardianship order. All parties were ordered not to remove the minors from the state of Idaho, and the matter was continued for a full hearing to be held on December 22, 1990.
A hearing was ultimately held on March 12, 1991, and the magistrate granted the Irwins' petition, entering letters of permanent guardianship, and administering the oath of acceptance. The findings of fact, conclusions of law, and order were entered on March 28, 1991. The magistrate concluded that the Irwins were competent to be guardians and that the requirements of I.C. § 15-5-207(b) had been met; that a guardianship proceeding, while not desirable, was nonetheless a proper method for determining custody instead of a termination proceeding if special circumstances were present, citing In re Guardianship of Diamond, 109 Idaho 409, 707 P.2d 520 (Ct.App.1985); that the natural parents' rights in this case had been "suspended by circumstance" pursuant to I.C. § 15-5-204; that granting the Irwins' petition would be in the best interest of the minors; and that the mother's testimony in this case was "incredible."
Celeya appealed the magistrate's order to the district court. She set forth the issues on appeal as whether the findings and conclusions were supported by the evidence, whether the magistrate considered irrelevant factors, and whether the magistrate failed to exercise independent judgment by adopting the findings and conclusions prepared by the Irwins' attorney.
The district court issued its appellate memorandum decision and order on September 30, 1992, affirming the decision of the magistrate. The district court, while acknowledging "that there was a considerable amount of remote evidence introduced at the guardianship hearing ...," agreed with the magistrate that the best interests of the minors required a stable living environment.
Celeya appeals the magistrate's decision to this Court, and she raises the following issues on appeal:
I. Have the appellant's parental rights been effectively terminated? If so, should the appellant have been afforded the procedural safeguards of a termination proceeding, I.C. §§ 16-2001 to 16-2015?
II. Are the magistrate's findings of fact supported by substantial and competent evidence?
Because of our analysis of the first issue, it is not necessary to reach the second. It is our conclusion that while there may have been evidence to support the magistrate's finding that Celeya's rights were temporarily suspended by circumstances, those circumstances no longer existed as of the March, 1991, hearing. Thus, the magistrate erred in proceeding with the permanent guardianship.

ANALYSIS

Standard of Review
This case involves an appeal from a decision of a magistrate judge, acting as a trial *982 judge sitting without a jury, which was affirmed on appeal to the district court. In Eastern Idaho Regional Medical Center v. Board of Com'rs of Bonneville County, Idaho, 122 Idaho 241, 244, 833 P.2d 99, 102 (1992), this Court held that "`[s]ince the district court was acting in its appellate capacity, in the appeal to this Court we can review the record independently of the district court's decision ...,'" quoting Ferguson v. Board of County Com'rs, 110 Idaho 785, 788, 718 P.2d 1223, 1226 (1986).

I.

THE APPELLANT'S PARENTAL RIGHTS HAVE NOT BEEN TERMINATED OR SUSPENDED BY CIRCUMSTANCES
At the outset it is important to address appellant's contention that if the magistrate's decision effectively terminated her parental rights, it was done without the procedural protections codified at title 16, chapter 20, Idaho Code, entitled "Termination of Parent and Child Relationship." While the letters issued to the Irwins after the final hearing were entitled "Letters of Permanent Guardianship", the Irwins' counsel candidly admitted at oral argument that this wording was selected simply to denote that the Irwins had been appointed to some position other than temporary guardians. The pleadings clearly indicate that the Irwins were pursuing a guardianship and not termination of Celeya's parental rights. A guardianship proceeding is not meant to adjudicate custody of minors, see In re Guardianship of Diamond, 109 Idaho 409, 411, 707 P.2d 520, 522 (Ct.App.1985), as contrasted to termination proceedings where the natural parent's rights could be terminated and the natural parent would then be placed in the same shoes as any non-parent of the minor. The Idaho guardianship statutes specifically allow for reinstatement of parental rights. Idaho Code §§ 15-5-210 to 15-5-212 deal with subsequent proceedings, providing appellant with the power to file an action to have her parental rights reinstated and, as an incident thereof, to regain physical custody of her children. Thus this proceeding was not a final and irrevocable determination of Celeya's rights to the minor children.
While the magistrate may have had grounds initially to appoint the Irwins on a temporary basis, the real issue presented here is whether the magistrate was correct in proceeding with the "permanent" guardianship hearing in the face of Celeya's appearance and strenuous objection to the need for appointment of a guardian. The resolution of that issue requires a discussion of the appropriate guardianship statutes.
The pertinent Idaho Code sections provide as follows:
15-5-207. Court appointment of guardian of minor  Procedure. 
Proceedings for the appointment of a guardian may be initiated by any relative of the minor, the minor if he is fourteen (14) years of age, or any person interested in the welfare of the minor.
(a) Notice of the time and place of hearing of a petition for the appointment of a guardian of a minor is to be given by the petitioner in the manner prescribed by section 15-1-401 of this code to:
(1) the minor, if he is fourteen (14) years or more of age;
(2) the person who has had the principal care and custody of the minor during the sixty (60) days preceding the date of the petition; and
(3) any living parent of the minor.
(b) Upon hearing, if the court finds that a qualified person seeks appointment, venue is proper, the required notices have been given, the requirements of Section 15-5-204 of this Part have been met, and the welfare and best interests of the minor will be served by the requested appointment, it shall make the appointment. In other cases the court may dismiss the proceedings, or make any other disposition of the matter that will best serve the interest of the minor.
(c) If necessary, the court may appoint a temporary guardian, with the status of an ordinary guardian of a minor, but the authority of a temporary guardian shall not last longer than six (6) months.

*983 (d) If, at any time in the proceeding, the court determines that the interests of the minor are or may be inadequately represented, it may appoint an attorney to represent the minor, giving consideration to the preference of the minor if the minor is fourteen (14) years of age or older.
(e) Letters of guardianship must indicate whether the guardian was appointed by will or by court order.
* * * * * *
15-5-204. Court appointment of guardian of minor  Conditions for appointment.  The court may appoint a guardian for an unmarried minor if all parental rights of custody have been terminated or suspended by circumstances or prior court order. A guardian appointed by will as provided in section 15-5-202 of this Part whose appointment has not been prevented or nullified under 15-5-203 of this Part has priority over any guardian who may be appointed by the court but the court may proceed with an appointment upon a finding that the testamentary guardian has failed to accept the testamentary appointment within thirty (30) days after notice of the guardianship proceeding.
(Emphasis added.) This case presents the following situation: Non-relatives, the Irwins, sought appointment as both temporary and permanent guardians of two minor children, both under fourteen years of age, pursuant to the guardianship statute, I.C. § 15-5-207. The magistrate found that the natural mother's parental rights had been "suspended by circumstance" pursuant to I.C. § 15-5-204, and, pursuant to I.C. § 15-5-207(c), he appointed the Irwins as guardians of the two minors.
This Court has held:
The paramount consideration in any dispute involving the custody and care of a minor child is the child's best interests.... In custody disputes between a "non-parent" (i.e., an individual who is neither legal nor natural parent) and a natural parent, Idaho courts apply a presumption that a natural parent should have custody as opposed to other lineal or collateral relatives or interested parties. This presumption operates to preclude consideration of the best interests of the child unless the nonparent demonstrates either that the natural parent has abandoned the child, that the natural parent is unfit or that the child has been in the nonparent's custody for an appreciable period of time.
Stockwell v. Stockwell, 116 Idaho 297, 299, 775 P.2d 611, 613 (1989) (emphasis added) (citation omitted). In addition, it has long been the law that:
The application for the appointment of a guardian of a minor under the laws of this state is a statutory proceeding, and the power of the court is fixed and determined by the statute. The usual powers exercised by courts of equity are not given to the court in making an appointment of a guardian under the laws of this state.
In re Crocheron, 16 Idaho 441, 453, 101 P. 741, 745 (1909), on denial of petition for rehearing.
Based upon the above-quoted holdings and statutes, the following is the proper order of inquiry in this proceeding:
1. Since the Irwins are non-relatives and since Celeya is the natural mother of the minors, the court must apply the presumption that Celeya should have custody as opposed to the Irwins. Stockwell, 116 Idaho at 299, 775 P.2d at 613. In the guardianship context, this presumption is overcome by a showing that parental rights have been suspended by circumstances. I.C. §§ 15-5-207(b), 15-5-204.
2. If the requirements of I.C. § 15-5-204 have been met, then a court must ask whether the requested appointment will serve the welfare and best interests of the minors. I.C. § 15-5-207(c); Stockwell, 116 Idaho at 299, 775 P.2d at 613.
3. If the requirements of I.C. § 15-5-204 have been met and the requested appointment would serve the welfare and best interests of the minors, then I.C. § 15-5-207(c) dictates that the court "shall make the appointment." If both of those questions are not answered in the affirmative, the last sentence of I.C. § 15-5-207(c) allows the court to *984 "dismiss the proceedings, or make any other disposition of the matter that will best serve the interest of the minor."
In the present case, the record reflects that the magistrate recognized the same order of inquiry:
[T]he question I have to address is first, whether or not the parental rights have been terminated or suspended by circumstance, and secondly, if I find that to be the case, what does the best interest of the children require.
In his written findings, the magistrate answered both of these questions in the affirmative and, thus, granted the requested appointment. As we view them, the findings which support the magistrate's conclusion that Celeya's rights had been suspended by circumstances are as follows:
 that the minor children had resided exclusively with the Irwins since June, 1990
 that Celeya had advised her sister that she was placing the children with the Irwins for the summer of 1990 because "she could not afford them"
 that despite promises, Celeya had failed to send documents which would enable the Irwins to enroll the children in school
 that from June, 1990, and through the hearing in March, 1991, Celeya had had little contact with the children, and had provided no financial support
 that since moving to Arizona in 1985, and particularly since June, 1990, Celeya had not provided the Irwins with information as to her whereabouts, and had been difficult to locate
The remainder of the trial court's findings relate to Celeya's failure to demonstrate an appropriate level of maternal care, her alcohol and drug abuse and the benefits to the children of remaining in the Irwins' care. While these last findings might be appropriate to a custody or best interests of the child determination, they do not relate to the threshold question of whether a parent's rights to custody have been suspended by circumstances.
The provisions of the Idaho Probate Code relating to the appointment of guardians for minors provide no guidance in determining what is meant by "suspended by circumstances." In statutory interpretation we must give words their usual and accepted meaning. "Suspended by circumstances" must contemplate some set of circumstances which deprives a parent of the ability to accept the rights and responsibilities of parenthood.
The Court of Appeals in the case of In re Guardianship of Diamond, 109 Idaho 409, 707 P.2d 520 (Ct.App.1985), had occasion to discuss those circumstances in which a court might be justified in appointing a guardian where "suspension of parental rights may exist because of special circumstances." 109 Idaho at 411, 707 P.2d at 522. The Court of Appeals suggested that such circumstances would include situations where a parent's whereabouts were unknown and the parent was not providing care for the child. Id. at 411, 707 P.2d at 522; see also In re Krystal S., 584 A.2d 672, 674, and n. 5 (Me.1991) (for the court to conclude that a parent's rights have been "suspended by circumstances" the court is required to find that the parent either abandoned the child or is unfit to care for the child); Matter of Guardianship Petition of Lupe C., 112 N.M. 116, 812 P.2d 365 (Ct.App.1991) (parent's right to custody is not "suspended by circumstances" when parent has child in lawful custody, is present and has not relinquished physical custody); Stansell v. Superior Court in and for Maricopa County, 125 Ariz. 82, 607 P.2d 959 (1980) (en banc) (parent's rights are "suspended by circumstances" when parent has consented to the appointment of a guardian). We find the statement made in In re Guardianship of Diamond and by courts in other states, as cited, to be a reasonable interpretation of the phrase "suspended by circumstances."
As of at least October 5, 1990, when Celeya filed her Motion To Set Aside Order for Temporary Guardianship, she made it clear that she no longer desired to leave the children with the Irwins and that she was willing and capable of caring for them. She made her whereabouts known through her appearance in court and her position known *985 through the pleadings filed. As of that point the Court's findings regarding the children's living situation, school enrollment, financial support and contact with their mother no longer had any bearing. The magistrate erred in concluding that Celeya's parental rights were still suspended by circumstances and in proceeding with the second part of the analysis relating to the best interests of the children. For that reason we hold that the magistrate's decision should be reversed and the case remanded for an order terminating the guardianship and returning the children immediately to the custody of their mother.
Our resolution of this first issue makes it unnecessary for us to address appellant's second contention that the magistrate's findings were not supported by substantial competent evidence.

II.

ATTORNEY FEES ON APPEAL
The Irwins request attorney fees on appeal. Because of our resolution of the issues presented, we deny that request.
No costs on appeal.
McDEVITT, C.J., and BISTLINE, JOHNSON and SILAK, JJ. concur.