## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 37936

| | |
|---|---|
| IN RE: THE ADOPTION OF JOHN DOE. ) <br> ---------------------------------------------------- ) <br> JOHN (2010-20) DOE I and JANE DOE, ) <br> ) <br>     Petitioners-Appellants, ) <br> ) <br> v. ) <br> ) <br> IDAHO DEPARTMENT OF HEALTH & ) <br> WELFARE, ) <br> ) <br>     Respondent-Respondent on Appeal. ) | **Boise, December 2010 Term** <br><br> **2011 Opinion No. 14** <br><br> **Filed: February 3, 2011** <br><br> **Stephen W. Kenyon, Clerk** |

_____

Appeal from the Magistrate Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. Clark A. Peterson, Magistrate Judge.

The decision of the Magistrate Court is <u>affirmed</u>. The respondent's request for attorney fees is <u>granted</u>. Costs are <u>awarded</u> to respondent.

Merrilee A. Parr, Coeur d'Alene, for appellant.

Hon. Lawrence Wasden, Idaho Attorney General, Boise, for respondent.

Submitted on the briefs.
_____

W. JONES, Justice

### I. NATURE OF THE CASE

John and Jane Doe petitioned to adopt A.H., who is Jane Doe's grandson. The magistrate dismissed the adoption petition and granted summary judgment to the Idaho Department of Health and Welfare, which has legal custody of A.H., because the Department refused to consent to the adoption. The Does argue on appeal that the merits of their adoption petition create a genuine issue of material fact and that the magistrate illegally shortened the time available to respond to the Department's motion for summary judgment.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Jane Doe is the biological grandmother of A.H., a minor child, and is married to appellant John Doe I. The Does, who became A.H.'s temporary legal guardians in 2002, have cared for A.H. most of his life. A.H.'s biological parents both voluntarily consented to having

their parental rights terminated after the Does became A.H.'s guardians. The Does petitioned to adopt A.H. in 2006, but before their home study could be completed, an "incident" occurred that prompted Child Protective Services to remove A.H. from the Does' home.[1] In 2007, the court assumed jurisdiction over A.H. under the Idaho Child Protective Act ("CPA") and allowed the Idaho Department of Health and Welfare ("Department") to take legal custody of A.H. Ever since the Department became his custodian, A.H. has been living in a State-run community home.

In 2008, the Does again petitioned to adopt A.H., but the magistrate dismissed the petition because the Department would not consent to the adoption. The following year, the Does applied to the Department to become A.H.'s foster parents. This application was denied and the denial was affirmed by a hearing officer. The Does next requested review from the Department Director, an appeal that was pending when the Does again petitioned to adopt A.H. in April of 2010. The 2010 adoption petition, which is the basis for this appeal, was filed in a new case separate from the CPA case involving A.H. Although the new case was originally assigned to a different judge, it was reassigned to the judge presiding over the CPA proceedings. The record is unclear as to how this reassignment occurred.

In response to the 2010 petition, the Department filed a motion to dismiss under I.R.C.P. 12(b)(6) along with an affidavit by its attorney stating that the Department still would not consent to the Does adopting A.H. At a hearing thirteen days later, the magistrate court indicated that it was treating the motion to dismiss as one for summary judgment under I.R.C.P. 56(c) because it was considering the Department's affidavit. The court ruled that it had found good cause to shorten the time for notice, briefing, and for serving affidavits. It then dismissed the Does' petition on the grounds that, under any view of the facts, the court lacked the statutory authority to approve the Does' adoption petition so long as the Department refused to consent. The Does appealed to this Court pursuant to I.A.R. 11.1, contending that the magistrate court abused its discretion in shortening the time to respond to the Department's summary judgment motion, that they had insufficient notice of the hearing, and that their procedural-due-process rights have been violated.[2]

---

[1] The exact nature of the "incident" is not reflected in the record.

[2] I.A.R. 11.1 provides in relevant part:

### III. ISSUES ON APPEAL

**1.** Whether the magistrate court correctly granted summary judgment to the Department when it dismissed the adoption petition.

**2.** Whether the magistrate court abused its discretion by shortening the time for the Does to respond to the summary-judgment motion under I.R.C.P. 56(c).

**3.** Whether the magistrate court infringed the Does' procedural-due-process rights by shortening the time available to respond to the summary-judgment motion and by allowing insufficient notice before the hearing under I.R.C.P. 7(b)(3)(A).

**4.** Whether the Department is entitled to attorney fees on appeal under I.C. § 12-121.

### IV. STANDARD OF REVIEW

A precursory issue here is to determine whether this Court should treat the motion below as one to dismiss or as one for summary judgment. The Department styled its motion as one for dismissal under I.R.C.P. 12(b)(6), but included an affidavit by its attorney stating that the Department would not consent to the Does adopting A.H. The magistrate court observed that it had converted the motion into one for summary judgment by considering the affidavit. It nevertheless issued an order, from which the Does appeal, that purported to grant the Department's "motion to dismiss."

The Civil Rules provide that if matters outside the pleadings are presented to and not excluded by the court, a motion under I.R.C.P. 12(b)(6) shall be treated as one for summary judgment. I.R.C.P. 12(b). If the lower court considers affidavits when reaching its decision, this Court reviews the matter as a motion for summary judgment. *Glaze v. Deffenbaugh*, 144 Idaho 829, 831, 172 P.3d 1104, 1106 (2007). Because the district court considered the Department's affidavit in its decision, this Court treats the matter as an order granting summary judgment.[3]

Summary judgment "shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). This Court applies the same standard of review as the lower court when ruling on the motion. *Sprinkler Irrigation Co. v. John Deere Ins. Co.*, 139 Idaho 691, 695, 85 P.3d 667, 671 (2004). The burden of proving that no material facts exist rests upon the moving party. *Baccus*

---

An appeal as a matter of right may be taken to the Supreme Court from any final judgment, as defined in Rule 54(a) of the Idaho Rules of Civil Procedure, granting or denying a petition for termination of parental rights or granting or denying a petition for adoption.

[3] To prevent confusion, from this point forward this Opinion will refer to the Department's motion to dismiss as a motion for summary judgment.

*v. Ameripride Servs., Inc.*, 145 Idaho 346, 349, 179 P.3d 309, 312 (2008). "This Court liberally construes all disputed facts in favor of the non-moving party and draws all reasonable inferences and conclusions supported by the record in favor of the party opposing the motion." *J-U-B Eng'rs, Inc. v. Sec. Ins. Co. of Hartford*, 146 Idaho 311, 314, 193 P.3d 858, 861 (2008). If there are no genuine issues of fact, this Court freely reviews the remaining issues of law. *Turner v. Cold Springs Canyon Ltd. P'ship*, 143 Idaho 227, 229, 141 P.3d 1096, 1098 (2006).

## V. ANALYSIS

### A. The Magistrate Court Properly Granted Summary Judgment to the Department

Adoptions, including those arising from proceedings under the CPA, are governed by Title 16, Chapter 15 of the Idaho Code. *See* I.C. § 16-1506(1) (governing child adoptions). A person petitioning to adopt a child must obtain consent from "[a]ny legally appointed custodian or guardian of the adoptee." *Id.* § 16-1504(1)(f). This consent must be executed in writing. *Id.* § 16-1506(2). A custodian is "a person, other than a parent or legal guardian, to whom legal or joint legal custody of the child has been given by court order." *Id.* § 16-1602(12). The Department obtained legal custody of A.H. by court order in 2007, so the Does needed its consent before they could adopt the child. They do not have any written consent from the Department and, in fact, the Department filed an affidavit stating that it would not consent. Thus, the Does, as a matter of law, could not adopt A.H.

The Does argue that they had demonstrated a genuine issue of material fact and that the magistrate failed to construe all the facts in their favor. They claim that, aside from the fact they do not have the Department's consent, adoption would be in A.H.'s best interests.

The merits of the Does' petition, including whether they would be worthy adopters, are immaterial facts in this case. The CPA is designed to protect children from guardians or custodians who might pose a health or safety threat. *Doe v. State of Idaho Dep't of Health & Welfare*, 134 Idaho 760, 766, 9 P.3d 1226, 1232 (2000). Once the Department assumes custody of a child, it "shall have the right to determine where and with whom the child shall live." I.C. § 16-1629(8). The Department has the sole authority to withhold its permission from the prospective adoptive parents. *Idaho Dep't of Health & Welfare v. Hays*, 137 Idaho 233, 236, 46 P.3d 529, 532 (2002). "Although the court in the adoption proceedings must be satisfied that the interests of the child will be promoted by the adoption, its authority is limited to granting or

denying the petition." *Id.* The magistrate court thus correctly held that the Does could not adopt A.H. without written consent from the Department regardless of what facts they might present.[4]

The Does also assert that the magistrate should have delayed ruling on the motion for summary judgment until the Department adjudicated the appeal in the Does' application to become A.H.'s foster parents. Receiving a license to serve as a foster parent, however, is different from being approved to adopt a child. Prospective foster parents only apply for licenses to care for children the Department places with them, while prospective adoptive parents must undergo further evaluation after the specific child or children have been placed in the home. IDAPA 16.06.01.860, .02.400, .02.442. Foster parents caring for a child must still go through the adoptive-application process before they can receive the Department's consent to adopt the child. IDAPA 16.06.01.790. It is possible, therefore, that the Department might still refuse to allow the Does to adopt A.H. even if it allows them to become his foster parents. The outcome of the appeal in their foster-parent application was immaterial to their adoption petition.

**B.      The Magistrate Court Did Not Abuse Its Discretion by Shortening Time Under I.R.C.P. 56(c)**

The Does had thirteen days to prepare a response to the Department's motion for summary judgment. They argue that the magistrate should have given them a full twenty-eight days to respond to the Department's motion, which, they argue, is required by I.R.C.P. 56(c). They state that they needed more time to depose Department personnel about the reasons behind the Department's refusal to grant a foster license or adoption permit.

When a motion to dismiss under I.R.C.P. 12(b)(6) is converted into a motion for summary judgment, the parties must be given time specified under I.R.C.P. 56(c) to present relevant materials to the court. I.R.C.P. 12(b). The party moving for summary judgment must serve the motion, affidavits, and supporting brief at least twenty-eight days before the hearing, and the adverse party then must serve its affidavits within fourteen days of the hearing. I.R.C.P. 56(c). The court may shorten this time period for good cause. *Id.* Deciding whether to shorten time under Rule 56(c) is subject to the court's discretion. *Sun Valley Potatoes, Inc. v. Rosholt, Robertson & Tucker*, 133 Idaho 1, 6, 981 P.2d 236, 241 (1999). In examining a magistrate

---

[4] A more appropriate setting in which the Does could challenge the Department's refusal to allow them to adopt A.H. would be to apply for approval as a prospective adoptive parent directly with the Department and pursue its internal appeals process if necessary. *See* IDAPA 16.06.01.750 (regarding adoptive-parent applications); IDAPA 16.05.03 (providing rules for appealing Department decisions).

court's abuse of discretion, this Court considers: (1) whether the court correctly perceived the issue as discretionary; (2) whether the court acted within the outer boundaries of its discretion and consistently with applicable legal standards; and (3) whether it reached its decision by an exercise of reason. *Stewart v. Stewart*, 143 Idaho 673, 678, 152 P.3d 544, 549 (2007). The magistrate court clearly believed that its decision was discretionary; the only remaining issues are whether it acted within the bounds of its discretion and exercised reason.

This Court has previously overturned a lower court's decision to shorten time where a non-moving party had three days at most to respond to an affidavit containing new and unforeseeable factual information. *Sun Valley Potatoes*, 133 Idaho at 6, 981 P.2d at 241. In this case, by contrast, Rule 56(c) only gives the non-moving party fourteen days to respond with its own affidavits, and the Does had thirteen. Regardless of how much time they had to respond, the Does knew they did not have the Department's permission to adopt A.H. when they filed their petition. The Does could not have produced any new information that would have allowed them to survive a motion for summary judgment. As described above, the magistrate was powerless to grant the adoption petition if the Department refused to consent.

When the Does initially filed their adoption petition, a stamp on its first page indicated that their petition was assigned to a different magistrate judge than the one who eventually heard the Department's motion for summary judgment. The Does complain that the district's administrative judge should have issued an order reassigning the case. They believe that, if such an order had been given, they would have had additional time to prepare their own affidavits in response to the Department's motion for summary judgment.

The Does cite no statute or rule entitling them to such an order, likely because administrative judges need not even actually assign individual cases to individual magistrates. The Idaho Code provides that administrative judges or their designees "may assign to magistrates, severally, or by designation of office, or by class or category of cases, or in specific instances" cases in an enumerated list of dispute categories that includes any juvenile proceedings.[5] I.C. § 1-2208. Thus, the Does had no right to have the proceedings delayed while the administrative judge issued an order reassigning the case to a different magistrate. Further, the Civil Rules state that "[a]ny irregularity in the method or scope of assignment of a civil

_____

[5] Under I.C. § 1-2210(1)(c), only attorney magistrates may preside over proceedings involving the custody of minors, but nothing in the Code suggests that the administrative judge must actually issue an individual order in custody cases.

action or proceeding to any magistrate . . . and all objections to the propriety of an assignment to a magistrate are waived unless a written objection is filed before the trial or hearing begins." I.R.C.P. 82(c)(3). The Does filed no such written objection at any time and therefore waived this basis for challenging the magistrate's decision. The magistrate court therefore did not abuse its discretion when it shortened time available to prepare for the summary-judgment motion.

**C.      The Does Waived Their Argument That the Magistrate Court Violated Their Due-Process Rights by Shortening Time to Respond to the Summary-Judgment Motion and by Shortening Notice Before the Hearing**

The Does assert that the magistrate infringed their due-process rights by shortening their time to respond to the Department's motion for summary judgment and by failing to give them a full fourteen days notice before the hearing as required by I.R.C.P. 7(b)(3). They cite only one case, *Sun Valley Potatoes*, which does not discuss the Due Process Clause at all. *See Sun Valley Potatoes*, 133 Idaho at 5–6, 981 P.2d at 240–41 (discussing the procedural rationale behind the timeframe specifications in Rule 56(c)). Moreover, the Does do not articulate any reasons why this single case or Rule 56(c) implicate or create constitutional rights versus merely procedural ones. Procedural rules are not substantive law; they merely "pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated." *In re SRBA Case No. 39576*, 128 Idaho 246, 255, 912 P.2d 614, 623 (1995). Because the Does cite no pertinent authority to support their due-process argument, this Court will not consider it. *See Bach v. Bagley*, 148 Idaho 784, ---, 229 P.3d 1146, 1152 (2010) (stating that all arguments in an appellant's opening brief must be supported with "relevant argument and authority").

**D.      The Department Is Entitled to Attorney Fees on Appeal Under I.C. § 12-121**

The Department requests attorney fees under I.C. § 12-121, which authorizes the Court to award attorney fees to the prevailing party in a civil action.[6] "An award of attorney fees under Idaho Code § 12-121 is not a matter of right to the prevailing party, but is appropriate only when the court, in its discretion, is left with the abiding belief that the case was brought, pursued,

---

[6] Idaho Code § 12-121 provides:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees. The term "party" or "parties" is defined to include any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

or defended frivolously, unreasonably, or without foundation." *Michalk v. Michalk*, 148 Idaho 224, 235, 220 P.3d 580, 591 (2009).

This Court has previously refused to award fees where the appellants had raised novel, legitimate issues of law related to the adoption statutes. *Roe Family Servs. v. Doe*, 139 Idaho 930, 939, 88 P.3d 749, 758 (2004). In this case, however, the law is well settled. This Court has already ruled that the Department's consent is a legal prerequisite to granting any adoption petition of a child in the Department's custody, *Idaho Dep't of Health & Welfare v. Hays*, 137 Idaho 233, 236, 46 P.3d 529, 532 (2002), and, further, the Code is unequivocal about the fact that anyone seeking to adopt a child must first obtain consent from the legal custodian, I.C. § 16-1504(1)(f). Because the Does simply did not have the Department's permission to adopt A.H., they had no reasonable basis upon which to file their adoption petition or to demand additional time to prepare for the summary-judgment hearing. Attorney fees are therefore awarded to the Department.

## VI. CONCLUSION

The magistrate court correctly granted summary judgment to the Department. The magistrate's order is affirmed and the Department's request for attorney fees is granted. Costs are awarded to the Department.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON CONCUR.