**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 43651-2015**

| | | |
|---|---|---|
| JANE DOE I and JOHN DOE I (2016-05), | ) | |
| | ) | Pocatello, May 2016 Term |
| Petitioners-Appellants, | ) | |
| | ) | 2016 Opinion No. 56 |
| v. | ) | |
| | ) | Filed: May 27, 2016 |
| JANE DOE II and JOHN DOE II, | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| Petitioners-Respondents. | ) | |
| | ) | |

Appeal from the Magistrate Division of the District Court of the Seventh Judicial District of the State of Idaho, in and for Bonneville County. Hon. Steven A. Gardner, Magistrate Judge.

The judgment of the magistrate court is <u>vacated</u> and this case is <u>remanded</u> <u>with</u> <u>instructions</u>.

W. Christopher Pooser, Stoel Rives LLP, Boise, argued for appellants.

Dennis P. Wilkinson, Thompson Smith Woolf Anderson Wilkinson & Birch PLLC, Idaho Falls, argued for respondents.

_____

EISMANN, Justice.

This is an appeal out of Bonneville County from a judgment appointing two sets of part-time co-guardians for an unmarried minor in order to set forth a visitation schedule for one of the sets of co-guardians. Because the Idaho guardianship statutes do not permit the appointment of part-time co-guardians, we vacate the judgment and remand this case for entry of a new judgment that is consistent with this opinion.

**I.**
**Factual Background.**

Jane Doe I is the paternal grandmother of a minor child whose natural parents were unable to provide a stable home environment. Jane Doe I and John Doe I ("Does I") have been

married since 1993, and John Doe I is the paternal step-grandfather of the child. On January 9, 2014, they filed a petition seeking to be appointed as co-guardians and co-conservators for the minor child, and on the following day the court granted their petition.

Jane Doe II and John Doe II ("Does II") are the maternal great-aunt and great-uncle of the minor child. On January 17, 2014, they filed a petition seeking to be appointed as co-guardians of the minor child.

The issues raised by the competing petitions were tried to the magistrate, and he found that it was in the best interests of the child to grant both petitions in part. He entered a judgment ordering that Does I would be the primary co-guardians and that Does II would be co-guardians having "weekend guardianship time" every other weekend, "Wednesday guardianship time" during alternating weeks, and guardianship time on alternating holidays. The judgment also provided that each set of co-guardians would have the full powers of a guardian and were required to act jointly.

Does I filed a motion asking this Court to grant permission for an expedited appeal directly to this Court. This Court granted the motion, and Does I timely filed their notice of appeal to this Court.

## II.
### Did the Magistrate Court Err in Granting Part-Time Co-Guardianships?

The issue regarding the magistrate court's action in granting part-time co-guardianships is solely one of law. Did the court have the authority to do so? Therefore, it is unnecessary to set forth the facts regarding the child's parents and the history of the child's relationship and attachment to Does I and Does II. Suffice it to say that both sides love the child and want what is best for him.

The magistrate court's judgment stated, "Each party [couple] shall have the full powers and duties of a guardian as stated in Idaho Code § 15-5-209 and are required to act jointly for the best interest of the minor child." It set forth the specific periods during which each side would have "guardianship time" (physical custody) of the child, and it also provided:

> The parties shall keep each other informed of all activities of the minor child, including but not limited to school, parent/teacher conferences, extracurricular activities, counselling and medical appointments, etc. in a timely fashion. As co-guardians all such persons have access to all medical, counselling

and educational records of the minor child without the approval of any of the others. PROVIDED, all guardians shall be included in all such appointments for the minor child, to the extent they want or are able to be included, without the necessity of a release from any of the other parties.

The magistrate court's judgment granting part-time co-guardianships to each couple is indistinguishable from a joint custody award in a divorce action pursuant to Idaho Code section 32-717B and the rights of parents in a divorce action under section 32-717A. In essence, the magistrate court treated the competing guardianship petitions as a custody proceeding between two parents and granted both sides a part-time co-guardianship so that Does I would have the primary physical custody of the child, Does II would have specified periods of physical custody, and both sides would have joint legal custody. By doing so, the magistrate court erred.

"The appointment of guardians for unmarried minor children in Idaho is governed by statute." *In re Doe*, 148 Idaho 432, 438, 224 P.3d 499, 505 (2009). "[T]he power of the court is fixed and determined by the statute." *In re Guardianship of Copenhaver*, 124 Idaho 888, 892, 865 P.2d 979, 983 (1993). The Idaho guardianship statutes do not authorize the appointment of part-time co-guardians.

Idaho Code section 15-5-209 states:

> A guardian of a minor has the powers and responsibilities of a parent who has not been deprived of custody of his minor and unemancipated child, except that a guardian is not legally obligated to provide from his own funds for the ward and is not liable to third persons by reason of the parental relationship for acts of the ward.

The statute states that a guardian of a minor has "the powers and responsibilities of a parent who has not been deprived of custody of his minor," not the powers and responsibilities of a *divorced* parent who *must share* custody of the minor. Two persons each seeking to be appointed as the guardian of a minor child are not in the same position as two parents seeking custody of their child, because those seeking to be appointed as the child's guardian do not have the rights and responsibilities of a parent. *In re Doe*, 148 Idaho at 439, 224 P.3d at 506. "Parents who have legal custody of any minor child or children have the fundamental right to make decisions concerning their care, custody and control." I.C. § 32-1011. Therefore, a guardian has that right upon being appointed. A guardian in his or her discretion has the authority to have the custody of the ward and to determine with whom and under what conditions the ward can visit with others. A guardian of a minor does not simply have the right to part-time

custody of the child any more than a sole parent only has the right to part-time custody of his or her minor child.

"A guardianship proceeding is not meant to adjudicate custody of minors . . . ." *Copenhaver*, 124 Idaho at 891, 865 P.2d at 982. With respect to a court's authority to issue orders regarding custody and visitation, there is a significant difference between the court's authority in an action involving child custody and the court's authority in a guardianship proceeding. "Courts of equity possess a continuing jurisdiction over the custody of children and an inherent power to amend, modify, or annul orders of custody, which, in their nature, are but temporary, as the welfare of such children under changing conditions may demand." *Stewart v. Stewart*, 32 Idaho 180, 185, 180 P. 165, 166 (1919). Conversely, "[t]he usual powers exercised by courts of equity are not given to the court in making an appointment of a guardian under the laws of this state." *Copenhaver*, 124 Idaho at 892, 865 P.2d at 983. In a divorce action, the court may "give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper in the best interests of the children." I.C. § 32-717(1). There is no similar provision in the guardianship statutes. In a guardianship proceeding, the best interests of the child are taken into consideration when deciding whether to appoint a guardian and whom to appoint.

> In all cases [for the appointment of a guardian for an unmarried minor], the court shall consider *the best interests of the child* as the primary factor in the determination *whether to appoint*, and *whom to appoint*, as a guardian for such child. [I.C. § 15-5-204 (emphases added).]
>
> The court *may appoint as guardian* any person whose appointment would be *in the best interests of the minor*. [I.C. § 15-5-206 (emphases added).]
>
> Upon hearing, if the court finds that a qualified person seeks appointment, venue is proper, the required notices have been given, the requirements of section 15-5-204, Idaho Code, have been met, and *the welfare and best interests of the minor will be served by the requested appointment,* it shall make the appointment. . . . . [I.C. § 15-5-207(3) (emphasis added).]

The best interests of the child are also taken into consideration when deciding whether to remove a guardian, I.C. § 15-5-212(a), or to terminate the guardianship, *Doe v. Doe*, 150 Idaho 432, 436, 247 P.3d 659, 663 (2011). There is no provision in the guardianship statutes permitting a court to restrict or modify the guardian's powers and responsibilities based upon what the court deems are the best interests of the child. The court has no authority to grant other parties visitation with

4

the ward or to require the guardian to do so. With respect to the guardian, the court has the authority to appoint the guardian and to remove the guardian, but not to manage how the guardian exercises his or her powers and responsibilities.

Idaho Code section 15-5-209 provides that "[a] guardian of a minor has the powers and responsibilities of *a parent* who has not been deprived of custody of his minor and unemancipated child." (Emphasis added.) This statute grants a guardian the powers and responsibilities of a sole parent of a child. The guardianship statutes do not authorize the appointment of more than one guardian or of co-guardians. Multiple guardians cannot each have the powers and responsibilities of a sole parent.

There is no mention of co-guardians in the guardianship statutes. For example, Idaho Code section 15-5-204 begins, "The court may appoint *a guardian* for an unmarried minor," not multiple guardians or co-guardians for an unmarried minor. (Emphasis added.) As mentioned above, Idaho Code section 15-5-209 sets forth the powers and duties of *a guardian*. The first sentence of the statute states that the guardian has the "powers and responsibilities of *a parent* who has not been deprived of custody of his minor unemancipated child." (Emphasis added.) The remainder of the statute lists specific powers and duties of the guardian and always refers to the guardian in the singular. There is no reference to multiple guardians or co-guardians. Specifically, section 15-5-209(3) begins, "*The guardian* is empowered to facilitate the ward's education, social, or other activities and to authorize medical or other professional care, treatment, or advice." (Emphasis added.) It would be inconsistent with the provisions of Idaho Code section 15-5-209 to hold that multiple co-guardians can be appointed, with each having the powers and duties of *a parent* or with all of them together having the powers and duties of *a parent*.

Idaho Code section 15-5-202 provides for the testamentary appointment of a guardian for the decedent's unmarried minor child. It likewise refers to the appointment of *a guardian*, not multiple guardians or co-guardians. In *In re Doe*, 148 Idaho 432, 224 P.3d 499 (2009), the maternal grandmother had been appointed guardian by the parents in their wills and the paternal grandparents sought to replace her on the ground that they could be better guardians. We held, "The court would not be able to appoint a guardian unless the guardianship created by that testamentary appointment was first terminated by court order." *Id.* at 438, 224 P.3d at 505. Obviously, if there could be multiple guardians or co-guardians for an unmarried minor child, it

would not have been necessary to remove the existing guardian in order to appoint the paternal grandparents as additional guardians.

A provision in the statute providing for the testamentary appointment of guardians for an unmarried minor child of the decedent also recognizes that there can be only one guardian. It states, "The parent may appoint by will one (1) or more alternate guardians, in order of priority." I.C. § 15-5-202. The statute makes it clear that the alternate guardians can only serve sequentially, not simultaneously. It provides:

> If a guardian appointed by will fails to accept guardianship within thirty (30) days after the will is probated, or files a notice of declination to accept appointment prior to the running of the thirty (30) day period, or is deceased, or ceases to act after acceptance, then the alternate guardian next in priority becomes the appointed guardian and may file a written notice of acceptance in the court in which the will is probated.

*Id*.

The magistrate court's judgment was not in accord with Idaho Code section 15-5-209. It appointed multiple guardians and sought to apportion the powers of a guardian among them. There can be but one guardian appointed, and that guardian is to have all of the powers and responsibilities of a sole parent.[1] A guardianship proceeding is not a child custody proceeding. The court in a guardianship proceeding does not have the authority to restrict or apportion the powers and responsibilities granted to a guardian by Idaho Code section 15-5-209.

Does II contend that Idaho Code section 15-5-207(3) authorizes the magistrate court's action. It clearly does not. That statute provides:

> Upon hearing, if the court finds that a qualified person seeks appointment, venue is proper, the required notices have been given, the requirements of section 15-5-204, Idaho Code, have been met, and the welfare and best interests of the minor will be served by the requested appointment, it shall make the appointment. In other cases the court may dismiss the proceedings, or make any other disposition of the matter that will best serve the interest of the minor.

Does II rely upon the last sentence which states, "In other cases the court may dismiss the proceedings, or make any other disposition of the matter that will best serve the interest of the minor." They contend that the words "best serve the interest of the minor" grants the court the

---

[1] There is an exception to the guardian's responsibilities. "[A] guardian is not legally obligated to provide from his own funds for the ward and is not liable to third persons by reason of the parental relationship for acts of the ward." I.C. § 15-5-209.

6

authority to grant part-time guardianships. It is clear from the context in which these words occur in the statute that the "other cases" are those where the requirements for the appointment of a guardian were not proved and so the court does not "make the appointment." As this Court stated in *Copenhaver*:

> 3. If the requirements of I.C. § 15-5-204 have been met and the requested appointment would serve the welfare and best interests of the minors, then I.C. § 15-5-207(c) dictates that the court "shall make the appointment." *If both of those questions are not answered in the affirmative*, the last sentence of I.C. § 15–5–207(c) allows the court to "dismiss the proceedings, or make any other disposition of the matter that will best serve the interest of the minor."

124 Idaho at 892–93, 865 P.2d at 983–84 (emphasis added). The "other disposition" would have to be something other than the appointment of a guardian, and it would have to be a disposition that is authorized by law. Because it is undisputed that both Jane Doe I and John Doe I met the requirements to be appointed as a guardian, the last sentence of section 15-5-207(c) did not apply in this case.

When no guardian, other than a temporary guardian, has been appointed for an unmarried minor and the court is presented with two or more guardianship petitions, the court must determine with respect to each petition whether the person seeking appointment is qualified (I.C. § 15-5-207(1)), whether venue is proper (I.C. § 15-5-205), whether the required notices have been given (I.C. § 15-5-207(2)), and whether a ground for appointment has been proved (I.C. § 15-5-204). If these requirements are met, the court must determine whether the welfare and best interests of the minor will be served by appointing a guardian and, if so, whether the welfare and best interests of the minor will be served by appointing at least one of the petitioners as the minor's guardian (I.C. §§ 15-5-204, -207(3)). If those issues are answered in the affirmative with respect to more than one petitioner, then the court must appoint as guardian the petitioner whose appointment would be in the welfare and best interests of the minor, and it must dismiss the other petition(s).

In this case, the amended petition of Does II did not seek appointment as guardians. The petition alleged, "The child should remain in the primary custody of [Does I] and [Does II] should be granted visitation with the child every other Thursday through Sunday." The prayer requested that "the Court enter an order allowing [Does II] to have overnight visitation with the minor child every other Thursday night through Sunday or as the Court deems appropriate." A

request for overnight visitations with a minor is not a request to be appointed as the minor's guardian. It is simply a request to have a court order setting visitation with the minor under the guise of granting a part-time guardianship. The powers and responsibilities of a guardian are not simply having visitation with the minor.

During the evidentiary hearing, Does II confirmed that all they were seeking was an order setting increased visitation with the child. At the beginning of the evidentiary hearing, counsel for Does II stipulated that Does I could be appointed as guardians of the child. He stated, "We don't object to them [Does I] being appointed guardians. We'll stipulate to that. Go ahead. Do it right now. Do it right now. We don't even have to have testimony on that fact." During Does II's case in chief, Jane Doe II testified on direct examination that all she wanted was visitation with the child from Thursday afternoon until Sunday evening every other weekend and lunch with the child every week. On cross-examination, she also stated that she did not think she should have equal authority with Does I to control the minor's activities. She added, "They evidently would control his—most of his activities." On redirect, her attorney asked, "Is it fair to say, [Jane Doe II], that you just want to spend time with this child?" and she answered, "Yes." Her attorney then asked, "Is that what you're after?" and she responded, "Absolutely." John Doe II testified that they were having time with the minor but "would like to have more time." During closing arguments after the evidentiary hearing, counsel for Does II stated: "This Court has all the authority in the world to do this however this Court wants to do this. The co-guardianship that we're requesting, providing us with visitation with [the child], allowing for [him] to spend time in [Does II's] home, is something that this Court can order." Because Does II were not seeking guardianship—"the powers and responsibilities of a parent who has not been deprived of custody of his minor and unemancipated child," I.C. § 15-5-209,—the magistrate court erred in granting their petition.

The magistrate court also erred in appointing Does I as co-guardians. As stated above, the guardianship statutes do not provide for the appointment of co-guardians. On remand, the court will have to determine whether to appoint Jane Doe I or John Doe I as the child's guardian.

**III.**
**Did the Magistrate Court Err in Ordering that Does I Shall Bear and Pay All Expenses of the Child While He Was in Their Care?**

The magistrate court ordered:

> Each party shall bear and pay all expenses for the minor child while the minor child is in their care without reimbursement or contribution from the other party. PROVIDED, HOWEVER, if any child support is collected from either biological parent for the support of the minor child, it should be distributed between the parties in proportion to the time each has the minor child with them.

This provision is contrary to Idaho Code section 15-5-209, which provides: "A guardian of a minor has the powers and responsibilities of a parent who has not been deprived of custody of his minor and unemancipated child, *except that a guardian is not legally obligated to provide from his own funds for the ward . . . .*" (Emphasis added.) Because the power of a court in a guardianship proceeding is fixed and determined by statute, *Copenhaver*, 124 Idaho at 892, 865 P.2d at 983, the court had no authority to order that Does I would bear and pay all expenses for the child while he was in their care. Obviously, they will undoubtedly voluntarily pay various expenses, but they cannot be ordered by the court to do so as part of the guardianship.[2] Also, because we are reversing that part of the court's order appointing Does II as part-time guardians, Does I will not have to share with Does II any funds that Does I receive as child support.

## IV.
## Are Does I Entitled to an Award of Attorney Fees?

In their written, post-hearing argument filed in the magistrate court, Does I asserted that they should be awarded attorney fees under Idaho Code sections 12-121 and 12-123.[3] They also seek an award of attorney fees on appeal pursuant to Idaho Code section 12-121. "In normal circumstances, attorney fees will only be awarded [under that statute] when this court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation." *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). We will typically not award attorney fees under section 12-121 where the appeal

---

[2] This should not be interpreted as stating that if a guardian incurs an expense for the care of the ward, the creditor could not recover from the guardian.

[3] Does I did not file a memorandum of costs in the magistrate court as required by Rule 54(d)(5) of the Idaho Rules of Civil Procedure. "Attorney fees, when allowable by statute or contract, shall be deemed as costs in an action and processed in the same manner as costs and included in the memorandum of costs . . . ." I.R.C.P. 54(e)(5). "Failure to file such memorandum of costs within the period prescribed by this rule shall be a waiver of the right of costs." I.R.C.P. 54(d)(5).

involves a matter of first impression. *Oldcastle Precast, Inc. v. Parktowne Constr., Inc.*, 142 Idaho 376, 379, 128 P.3d 913, 916 (2005). *But see Arnold v. City of Stanley*, 158 Idaho 218, 224, 345 P.3d 1008, 1014 (2015) (awarding attorney fees under Idaho Code section 12-117 in a matter of first impression where the plain language of the applicable statute was clear). Because we have not previously addressed whether a court could appoint part-time co-guardians, we will not award attorney fees under Idaho Code section 12-121.

## V.
## Conclusion.

We vacate the judgment of the magistrate court and remand this case with directions to enter a judgment that is consistent with this opinion. We award Appellants costs, but not attorney fees, on appeal.

Chief Justice J. JONES and Justices BURDICK, W. JONES and HORTON **CONCUR.**